IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 NOV 23 P 1: 50

DEBRA P. ~~~~~, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| WEST AMERICAN INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION CASE NUMBER: |
| | * | 2:05CV1125-B |
| ASPHALT PAVING COMPANY, INC. and | * | |
| EASTDALE MALL, LLC, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff in the above-styled action, **West American Insurance Company ("West American")**, and seeks a declaration of its rights and obligations under a policy of insurance issued to Asphalt Paving Company, Inc. ("Asphalt Paving") pursuant to 28 U.S.C. §2201, *et. seq.*, Federal Rule of Civil Procedure 57 and *Alabama Code* §6-6-220 (1975), *et. seq.*, as well as applicable principles of common law.

**I. Parties, Jurisdiction and Venue**

1. This cause arises out of a civil action styled *Eastdale Mall, LLC v. Asphalt Paving Co., Inc., et al.*, bearing Civil Action Number: CV05-1391, pending in the Circuit Court of Montgomery County, Alabama. (Hereinafter referred to as "the underlying lawsuit," a copy of which is attached hereto as Exhibit 1). The damages at issue in the underlying lawsuit exceed Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

2. Plaintiff West American is a foreign corporation authorized and licensed to conduct insurance business in the State of Alabama.

3. Defendant Asphalt Paving is an Alabama corporation with its principal place of business located in Alabama.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §2201, *et. seq.*, Federal Rule of Civil Procedure 57, *Alabama Code* §6-6-220 (1975) and any other applicable law as Asphalt Paving has notified West American of the underlying lawsuit, made a claim for insurance coverage for same and an actual controversy exists as to whether West American owes a defense and/or indemnity to Asphalt Paving under an insurance policy issued by it to Asphalt Paving such that a declaration of West American's and Asphalt Paving's rights and obligations by this Court is necessary.

## II. Factual Background

5. West American issued an insurance policy, including a commercial general liability coverage part, to Asphalt Paving with effective dates of August 1, 2004 to August 1, 2005, bearing policy number BKW (05) 52965427. A true and correct copy of said policy is attached hereto as Exhibit 2.

6. The underlying lawsuit arises out of the construction, paving and striping of the parking lot at Eastdale Mall in Montgomery, Alabama. In the lawsuit, Eastdale Mall, LLC asserts it owns a portion of the property in question, including the parking lot on the property. It further alleges that Asphalt Paving and the other defendants undertook to construct, pave and stripe a portion of the parking lot at Eastdale Mall and that the work was performed in a negligent, reckless and wanton manner. Additionally, Eastdale Mall, LLC alleges that defendants negligently, wantonly and recklessly supervised others who performed the work and that the work was incorrectly and deficiently performed. As damages, Eastdale Mall, LLC contends it suffered a loss of business, loss of reputation and has otherwise been injured and damaged. It seeks recovery of compensatory and punitive damages for amounts it claims will exceed the Six Hundred Thousand Dollars ($600,000.00) allegedly required to correct the claimed deficiencies in the defendants' work.

7. Upon information and belief, at the relevant time periods, West American insured Asphalt Paving under and through the insurance policy attached hereto as Exhibit 2. West American's policy contains numerous provisions which apply to the underlying lawsuit and Asphalt Paving's coverage claim. Among other provisions, the policy states:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

    (a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply ...

    (b) This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

...

**SECTION II - EXCLUSIONS**

This insurance does not apply to:

(j) **Damage to Property**

"Property damage" to:

(5) That particular part of real property on which you or any contractor's or subcontractor's working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

3

•••

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products - completed operations hazard."

•••

(k)     **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

(l)     **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

(m)     **Damage To Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of":

(1)     A defect, deficiency, inadequate or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

•••

4

**SECTION V - DEFINITIONS**

•••

8.  "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous;

    b.  You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    a.  The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.  Your fulfilling the terms of the contract or agreement.

•••

13. "Occurrence" means an accident, including continuous or continued exposure to substantially the same general harmful conditions.

•••

16. "Products - completed operations hazard":

    a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1) products that are still in your physical possession; or

        (2) work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a) When all of the work called for in your contract has been completed.

            (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

5

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    (d) Work that may need service, maintenance, correction, repair or replacement but which is otherwise complete, will be treated as completed.

  b. Does not include "bodily injury" or "property damage" arising out of:

    •••

   (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that product-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    •••

21. "Your product":

  a. means:

   (1) any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (a) you;

    (b) others trading under your name; or

    (c) a person or organization whose business or assets you have acquired.

6

...

22.     "Your work":

    a.    means:

        (1)    work or operations performed by you or on your behalf; and

        (2)    materials, parts or equipment furnished in connection with such work or operations.

    b.    includes:

        (1)    warranties or representations made at any time with respect to the fitness, quality, durability, performance, use of "your work", and

        (2)    the providing of or failure to provide warnings or instructions.

8.     Among others, justiciable controversies exist as to whether the allegations in the underlying lawsuit amount to an "occurrence" as that term is defined in West American's policy, whether "property damage" as that term is defined in West American's policy is at issue and whether the allegations in the underlying lawsuit are excluded from coverage by "your product", "your work", "impaired property exclusions" and others in West American's policy.

### III. Claims for Relief

9.     A real, bonafide controversy exists, as defined by the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et. seq.*, between the parties with regard to West American's duties and obligations under its policy of insurance and as to whether liability coverage, if any, exists for the claims made in the underlying lawsuit.

WHEREFORE, PREMISES CONSIDERED, West American prays this Court will take jurisdiction over this matter and issue a judgment declaring the rights and duties of the parties to this action, including, but not limited to, a determination of whether West American has a duty to defend and indemnify Asphalt Paving in the underlying lawsuit. Additionally, West American prays for any other legal and equitable relief to which it may be entitled.

                                           Respectfully submitted,

                                           /s/ Christopher J. Zulanas
                                           Christopher J. Zulanas (ASB-1572-u82c)
                                           Michael J. Douglas (ASB-2888-c52d)
                                           Attorneys for West American Insurance Company

OF COUNSEL:
**FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, PC**
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

                     **PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

                            **ASPHALT PAVING COMPANY, INC.**
                                  **℅ MICHAEL FORBUS**
                             **375 HUNTER LOOP ROAD**
                             **MONTGOMERY, AL 36108**

                                **EASTDALE MALL, LLC**
                             **3500 EASTERN BOULEVARD**
                             **MONTGOMERY, AL 36116**