# Exhibit 2-B

Eastdale Mall, LLC's Second Amendment to Complaint

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| EASTDALE MALL, L.L.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2005-1391 |
| ) | |
| ASPHALT PAVING COMPANY, INC., ) | |
| TRI STATE STRIPING, INC., A, B, C, ) | |
| and D, fictitious defendants whose ) | |
| names are unknown, but will be ) | |
| added when ascertained, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDMENT TO COMPLAINT

Comes now the Plaintiff in the above-styled case and amends its Complaint by adding the following counts.

### COUNT II

1. Plaintiff adopts by reference and incorporates herein the material allegations of Count I, including of the First Amendment to the Complaint.

2. Defendants Asphalt Paving Company, Inc. ("Asphalt Paving") and Tri-State Parking Lot Maintenance ("Tri-State") contracted with Plaintiff, either directly or through a subcontract between the two defendants, of which Subcontract Plaintiff was a third party beneficiary, to asphalt and stripe the parking lot at Eastdale Mall. The striping work was to duplicate the stripes on the ground prior to the asphalting, except in areas of the parking lot that were changed due to additional construction at the mall. Defendants were provided with an as-built drawing of the parking lot showing the detail for parking spaces then on the ground and

showing areas of the parking lot that had changed. The said plan was part of the contract.

3. The width of the typical parking space bay on the ground prior to the asphalting was approximately 8 feet plus a one foot box, and Defendants were obligated contractually to stripe the parking spaces to the same width. In the areas of the parking lot that were not changed, Defendants were also contractually obligated to provide the same number of spaces that were on the ground prior to the asphalting done by Asphalt Paving.

4. Defendants breached their said contracts in that their striping resulted in parking spaces having a width of approximately 9 feet, plus a one foot box, and in the parking lot's having substantially less parking spaces at Eastdale Mall than required by Defendants' contractual obligations. Defendants breached their said contracts in other respects by their incorrect and deficient performance.

5. As a proximate consequence of said breach of contract, Plaintiff was injured and damaged as aforesaid.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendants Asphalt Paving and Tri-State for such compensatory damages above the jurisdictional minimum of the Court as may be found appropriate from the evidence. Plaintiff prays for such other, further and different relief as to which it may be entitled, including pre-judgment and post-judgment interest, attorney fees and costs.

_____
Robert D. Segall (SEG003)

*Attorney for Eastdale Mall, L.L.C.*

OF COUNSEL:
Robert D. Segall
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
P. O. Box 347
Montgomery, AL 36101-0347
Phone: 334/834-1180
Facsimile: 334/834-3172

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the following counsel of record, via U.S. Mail, postage prepaid and properly addressed on this the 31st day of May, 2006:

Joseph T. Carpenter
Brian Mosholder
Samuel Ingram
CARPENTER, INGRAM & MOSHOLDER, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama 36106
Ph: 213-5600

Bryan Scott Tyra
SMITH SPIRES & PEDDY, P.C.
2015 Second Avenue North
Suite 200
Birmingham AL 35203
Ph: 205-251-5885

_____
Of Counsel